UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONIQUE CENANCE                                               CIVIL ACTION

VERSUS                                                        NO. 13-117

SOUTHERN EARTH SCIENCES, INC.                                 DIVISION "3"

## ORDER

On July 3, 2013, the Motion for Partial Summary Judgment [Doc. #17], the Motion to Dismiss [Doc. #18] and the Application for Appointment of Attorney Pursuant to 42 U.S.C. 2000e-5(f)(1) [Doc. #21] came on for oral hearing before the undersigned. Present were Monique Cenance *pro se* and Sidney Hardy on behalf of defendant. After the oral hearing, the Court took the motions under advisement. Having reviewed the motions, the oppositions and the case law, the Court rules as follows.

**I.     Background**

Plaintiff Monique Cenance, a former employee of defendant Southern Earth Sciences, Inc. ("SES"), sued SES on January 23, 2013 in connection with her June 29, 2012 termination. Before filing this lawsuit, Cenance filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in connection with her employment at SES. Plaintiff filed the first charge on March 30, 2012, in which she alleged retaliation, hostile work environment and

sexual harassment. Cenance alleged that her supervisor, Leron Corley, sexually harassed her. She also alleged that SES reduced her overtime hours and took away her one-hour paid lunch break in retaliation for reporting the sexual harassment. Cenance further alleged that SES subjected her to a hostile work environment after she had reported the harassment. The EEOC denied Cenance's claim and issued her a right-to-sue letter on August 29, 2012.

Cenance filed her second charge with the EEOC on July 31, 2012. In that charge, Cenance alleged that SES terminated her employment in retaliation for the filing of the first charge. The EEOC also denied this claim and issued Cenance a right-to-sue letter on November 5, 2012.

In her complaint here, Cenance alleges: (1) sexual harassment; (2) that SES reduced her overtime hours in retaliation for reporting sexual harassment; (3) that a hostile-work environment resulted from the reporting of the harassment in the form of threatening to terminate her and treating her different from her co-workers; and (4) that SES terminated her in retaliation for filing the first EEOC charge. Cenance also alleges that SES retaliated against her and subjected her to a hostile work environment after she complained about the presence of a co-worker's dog. She maintains that SES took away her one-hour paid lunch break and no longer allowed her to listen to music after she complained about the presence of the dog.

Defendant moves for summary judgment, asking the Court to grant summary judgment on the majority of Cenance's claims because they are time-barred. Defendant also asks the Court to dismiss Cenance's claims with respect to the presence of the dog because she fails to state a retaliation and/or hostile-work environment claim.

## II.     Law and Analysis

### A.     Standard of Review: Summary Judgment

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in [his] favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### B.     Application of Law to Facts

In its motion for partial summary judgment, SES first argues that certain of Cenance's claims are time-barred because she did not file suit within 90 days of when she received her right-to-sue letter from the EEOC. Because the Court finds this issue controlling, it does not consider SES's other arguments.

Plaintiffs in employment discrimination actions must exhaust administrative remedies before

they file suit in federal court. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when a plaintiff files a timely charge with the EEOC and thereafter receives a right-to-sue letter. *See id.* at 379. Claimants have 90 days after *receipt* of the right-to-sue letter within which to file suit in state or federal court. *See* 42 U.S.C. § 2000e–5(f)(1); *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982). This 90-day limitation period is strictly construed. *See Taylor*, 296 F.3d at 379 (citing *Ringgold v. Nat'l Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Mo. Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985)). Federal courts in this circuit have consistently dismissed Title VII claims when the plaintiff did not file suit within the 90-day limitation period. *See Butler v. Orleans Parish School Bd.*, No. Civ. A. 00–0845, 2001 WL 1135616, at *2 (E.D. La. Sept. 25, 2001) (dismissing plaintiff's complaint when plaintiff filed 91 days after she received her right-to-sue letter).

Here, the EEOC mailed the right-to-sue letter to Cenance – with regard to her first charge – on August 29, 2012. Although plaintiff does not state when she received the letter, the Court may presume that she received it at most seven days after the date of mailing. See *Taylor*, 296 F.3d at 379. At the latest, Cenance received the letter on September 5, 2013. Cenance did not file suit in this Court until January 23, 2013. This is well beyond the 90-day limitation period. Cenance's claims in the first charge are therefore barred as untimely.

The Court recognizes that it may equitably toll the 90-day limitation period. *See Espinoza*, 754 F.2d at 1251. Cenance, however, has made no showing that the period should be equitably tolled. Cenance has made no showing that she was misled by the Court, by the EEOC, or by SES, or that she took any action within the 90-day period to commence the lawsuit. *See id.* Cenance is thus not entitled to equitable tolling. On this ground then, the Court grants summary judgment to

SES on Cenance's claims: (1) of sexual harassment; (2) that SES reduced her overtime hours in retaliation for reporting sexual harassment; and (3) that a hostile-work environment resulted from the reporting of the harassment in the form of threatening to terminate her and treating her different from her co-workers (*i.e.*, all of the allegations in her first EEOC charge).

SES next argues that Cenance's claims regarding the presence of the dog are time-barred or, in the alternative, premature. A Title VII plaintiff must file a charge of discrimination with the EEOC no more than 180 days after the alleged discriminatory employment action occurred. *Smith v. Aaron's, Inc.*, 325 F. Supp. 2d 716, 722 (E.D. La. 2004). However, in "deferral states" such as Louisiana, this filing period is extended to 300 days if the complainant has instituted a complaint with a state or local agency with authority to grant or seek relief from such practices. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 351 (5th Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)(1)); *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994).

There is no exact date from Cenance's complaint or opposition memoranda of when SES retaliated against her or subjected her to a hostile work environment after she complained about the presence of the dog. These allegations could not have occurred, however, after June 29, 2012, the date on which SES terminated her. Neither does it appear from Cenance's complaint or her opposition memoranda that Cenancc instituted a complaint with a state or local agency with authority to grant or seek relief from such practices. At the oral hearing on the motion, Cenance admitted that she had not. The tolling period is thus 180 days, which means that Cenance had until – at the latest – December 23, 2012 to file her charge with the EEOC. Because Cenance never did

so with respect to these claims, they too are time-barred.[1]

### III.     Application for Appointment of Attorney Pursuant to 42 U.S.C. § 2000e-5(f)(1)

The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel." Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977). Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J. Oct. 17, 2002). Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

The evidence which must be adduced include,

(1)   plaintiff's indigence and
(2)   efforts made to secure counsel; however these are bare minimum *threshold* considerations.

---

[1] Because the Court dismisses these claims as time-barred, it does not address whether they are premature.

Additionally, the Court should consider the following factors:

(a) the type and complexity of the case;
(b) whether the indigent is capable of presenting his case adequately;
(c) whether he is in a position to investigate his case adequately; and
(d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213. The Court should also consider whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

The Court recognizes that Cenance is currently unemployed and her unemployment payments have ceased. She has also attempted to retain counsel on a few occasions: She testified that she has called several attorneys, that she has searched on-line for attorneys and has contacted the bar association. These are, as noted above, mere threshold requirements, and the Court finds that the further balancing of factors does not weigh in favor of appointing counsel here.

This is not a complex Title VII lawsuit, and now, as a result of this Court's ruling, only one discrete claim remains. Plaintiff has a General Equivalency Diploma ("GED") and has attended vocational school in word processing. She has been a receptionist and worked with those with special needs. She proceeded *pro se* in all proceedings before the EEOC and admirably explained the nature of this lawsuit and its underlying facts to the Court both in writing and at the oral hearing. And she managed to oppose both the motion for summary judgment and the motion to dismiss with a plethora of exhibits that allegedly supports her claims. The Court finds that under the factual circumstances of this case, the appointment of an attorney is not warranted.

**IV.   Conclusion**

For the foregoing reasons,

7

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment [Doc. #17] is GRANTED.  The foregoing claims are DISMISSED WITH PREJUDICE as time-barred.  The only remaining claim now is Cenance's claim that SES terminated her in retaliation for filing the first EEOC charge.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [Doc. #18] is DISMISSED WITHOUT PREJUDICE AS MOOT.[2]

**IT IS FURTHER ORDERED** that the Application for Appointment of Attorney Pursuant to 42 U.S.C. § 2000e-5(f)(1) [Doc. #21] is DENIED.

New Orleans, Louisiana, this 22nd day of August, 2013.

_Daniel E. Knowles, III_

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In its motion to dismiss, SES argues that Cenance fails to state a claim on which relief may be granted with regard to the claims involving the presence of the dog.  Because the Court dismisses these claims as time-barred, the Court does not address these arguments or the motion.